UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JANE DOE 1 et al.,

        Plaintiffs,

v.

UNITED STATES OF AMERICA,

        Defendant.

Civil Action No. 24-2743 (RBW)

## MOTION FOR EXTENSION OF TIME

Defendant the United States of America, through undersigned counsel, moves pursuant to Federal Rule of Civil Procedure 6(b)(1) for an extension of time until February 6, 2025, to file its response to Plaintiffs Jane Does complaint brought pursuant to the Federal Tort Claims Act ("FTCA"). Defendant's response is currently due January 6, 2025. This is Defendant's second extension of time. Pursuant to Local Civil Rule 7(m), the parties conferred, and Plaintiffs do not consent to this relief. The grounds for this motion are set forth below.

Plaintiffs bring this lawsuit alleging that the Federal Bureau of Investigation was negligent under the FTCA when it purportedly "ignored the victims" of Jeffrey Epstein and "allowed Epstein and his co-conspirators" to engage in rape and trafficking "for years." *See* Am. Compl. at 1 (ECF No. 9). The Amended Complaint alleges one count of negligence and is brought by numerous Jane Doe plaintiffs, as well as two named plaintiffs. *See id*. at 21-22.

Defendant previously moved for an unopposed extension of time until January 6, 2025 to file its motion to dismiss. ECF No. 18. In its extension request, Defendant noted that it was still waiting on the identities of the "Jane Doe" Plaintiffs and that it would need that information prior

to the filing of its responsive pleading. *Id*. at 2. As explained further below, undersigned counsel did not receive that information until December 27, 2024.

On December 6, 2024, Plaintiffs filed a "letter" to the Court asking the Court to allow Plaintiffs to amend their complaint (again) to add six additional Plaintiffs. On December 9, 2024, the ECF clerk entered an order notifying Plaintiffs that they had used the incorrect docketing event for the December 6, 2024 "letter." The order specifically notified Plaintiffs to "please refile in pleading format." *See* Dec. 9, 2024, Min. Order. On December 9, 2024, Plaintiffs refiled the same letter but captioned the event as a "supplemental motion to amend or correct the complaint." ECF No. 20. The filing did not contain a discussion of the relevant legal standard, nor was it in the appropriate format, notwithstanding the Clerk's previous order. Given these events, counsel for Defendant requested that Plaintiffs provide the names of the six additional individuals that Plaintiffs sought to add to the lawsuit (in addition to the names of the original plaintiffs) so that the Government could provide its position on what it construed as a motion for leave to file an amended complaint. Notably to date, Plaintiffs did not file a proposed amended complaint or red-lined version as required by the Local Civil Rules. After several attempts at reaching each other, on December 27, 2024, the parties were able to confer telephonically for Plaintiffs' counsel to provide the names of the Jane Doe plaintiffs to undersigned counsel. Plaintiffs' counsel did not provide the names of the women that Plaintiffs intend to add to the complaint. Government's counsel indicated that it would take no position on Plaintiffs' motion for leave to amend, but what she wanted to avoid was going through the expense and effort of filing a motion to dismiss for it to be met with an amended complaint, particularly where all Plaintiffs intend to do is add additional named plaintiffs. Thus, the Government requested that Plaintiffs file their motion for leave to amend, and that the Government then respond with its

dispositive motion. Counsel for Plaintiffs indicated that she would proceed with filing an amended complaint, and also noted that there were other women that were going through the administrative claims process that might be added down the line.

Shortly thereafter, counsel for Defendant sent an email to counsel for Plaintiffs memorializing their conversation, noting that counsel for Plaintiffs had provided the requested information, and noting that Defendant would take no position on a forthcoming motion for leave to amend. Later that afternoon, another attorney for Plaintiffs (who had not been present on the previous call) sent undersigned an email contradicting his co-counsel's earlier representations and noting that Plaintiff will "not" move for leave to amend to add the additional Doe plaintiffs "if that will delay" the filing of the motion to dismiss. Plaintiffs' counsel also noted that he would "file a separate action," for these additional plaintiffs, notwithstanding that the claims would be substantially similar and that the allegations would likely arise from the same nucleus of operative facts. Indeed, if filed in this jurisdiction, the matters would be deemed related under the Local Civil Rules and consolidation of the matters would be likely.

Nevertheless, given that undersigned was not able to receive the information regarding the named Jane Doe Plaintiffs until a week before Defendant's deadline, and given the incredibly voluminous docket for which undersigned Defendant's counsel is responsible, the Government now moves for an extra thirty-day period to file its dispositive motion. During the winter holidays, undersigned counsel was working on two other briefs, including a summary judgment brief due in a Freedom of Information Act matter on January 3, 2025[1], and another summary judgment brief due in an employment matter on January 8, 2025. Undersigned also has numerous

---

[1]    Undersigned counsel was working on December 30, 31, and January 1, notwithstanding that she was scheduled to be on leave during some of that time in order to meet her other deadlines.

other briefs scheduled in January, including other dispositive motions, a reconsideration motion, an opposition to a reconsideration motion, and merits brief due in the D.C. Circuit, among other numerous deadlines. Considering that the Government does not want to expend significant resources in a thorough motion to dismiss for it to be met with an amended complaint, the Government was hopeful that Plaintiffs would formally move for leave to file their amended complaint so that the parties could conserve their resources as well as the Court's and proceed in this litigation in an efficient manner. That does not appear to be the case. In any event, the Government does not wish to delay further resolution of this action but needs additional time to review the allegations in the operative complaint, draft Defendant's motion, allow for time for agency review and input, and allow sufficient time for review pursuant to internal Department of Justice procedures. While the Government does not intend to delay this matter, its intention is to proceed in an efficient manner without burdening the Court with opposed motions and needless filings.

Wherefore, Defendant proposes this extension in good faith and not for purposes of delay. Granting the requested extension will service the interests of justice and afford Defendant's counsel with additional time to review the allegations in Plaintiffs' amended complaint, determine what jurisdictional issues arise regarding Plaintiffs' claims, as well as to allow time for internal review. Plaintiffs will not be prejudiced as there are no other deadlines in place.

Dated: January 2, 2025

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: _____/s/ Brenda González Horowitz_____
BRENDA GONZÁLEZ HOROWITZ
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2512
Brenda.gonzalez.horowitz@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JANE DOE 1 et al.,

    Plaintiffs,

  v.

UNITED STATES OF AMERICA,

    Defendant.

Civil Action No. 24-2743 (RBW)

## [PROPOSED] ORDER

  Upon consideration of Defendant's extension of time and for good cause therein, it is hereby ORDERED that Defendant's motion is GRANTED.

  It is further ORDERED that Defendant shall file its response to Plaintiffs' complaint on or before February 6, 2025.

SO ORDERED.

_____
Dated

_____
REGGIE B. WALTON
United States District Judge