UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE 1, JANE DOE 2, JANE DOE 3, LAURA NEWMAN, JANE DOE 4, JANE DOE 5, JANE DOE 6, SANDRA WARD, JANE DOE 7, JANE DOE 8, JANE DOE 9, JANE DOE 10, JANE DOE 11, JANE DOE 12, JANE DOE 13, JANE DOE 14, JANE DOE 15, JANE DOE 16, and JANE DOE 17<br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>*Defendant*. | 1:24-cv-02743 |

**OPPOSITION TO MOTION FOR EXTENSION OF TIME**

Plaintiffs, Jane Doe 1, Jane Doe 2, Jane Doe 3, Laura Newman, Jane Doe 4, Jane Doe 5, Jane Doe 6, Sandra Ward, Jane Doe 7, Jane Doe 8, Jane Doe 9, Jane Doe 10, Jane Doe 11, Jane Doe 12, Jane Doe 13, Jane Doe 14, Jane Doe 15, Jane Doe 16 and Jane Doe 17 through their counsel submit this opposition to Defendant's Motion seeking another extension of time to serve a responsive pleading to February 6, 2025. The Defendant has continually delayed litigation of this case and resolution of the claims of these survivors who were sexually abused and trafficked by Jeffrey Epstein. Any further delay will greatly prejudice the Plaintiffs and give the Defendant an unfair advantage at the expense of the abuse victims. The Defendant's tactics to deny, delay and ignore this case should not be permitted to continue. The abuse victims have endured emotional and psychological suffering and have been repeatedly wronged and ignored by the Federal Bureau of Investigation ("FBI") and now the FBI continues to ignore them and their

1

counsel. Even Congress has repeatedly pointed out that the Defendant has delayed and obfuscated these victims' rights.

Pursuant to Section 11 of the General Order for Civil Cases before the Honorable Reggie B. Walton, "motions for extensions of time are sternly discouraged and the parties should not expect the Court to grant extensions…[t]he Court grants such motions on a showing of good cause." In addition to good cause, the Court also considers prejudice to each party.

Here, no good cause has even been claimed by Defendant. The Defendant provides no basis for an extension of time for another month. The only excuse Defendant tries to offer this Court is that it supposedly did not receive the identities of the Plaintiffs until December 27, 2024. However, that is not entirely accurate because counsel for the Defendant would not return Plaintiffs' telephone calls and emails for a time to discuss the exchange of names in a secure manner. This is not a situation in which Plaintiffs wanted to release their private information in an insecure means and Plaintiffs did everything in their power to coordinate with the counsel for Defendant, who did not even give the courtesy of a response. Indeed, Plaintiffs had to file a letter with the Court because the Defendant simply refused to acknowledge any of our attempts to contact them. **Exhibit "A."** At minimum, this grossly violates Your Honor's Individual Rules that provide parties must cooperate and treat each other with dignity, respect and civility.

While it is unknown (and not explained by Defendant's request) why the individual Plaintiffs' names are needed for the Defendant's motion to dismiss, the reason Defendant did not have this information sooner is because the defense counsel did not return Plaintiffs' many telephone calls and email correspondence. Instead, the Defendant claims that there were "several attempts at reaching each other," but those only occurred in the few days leading up to December

27, 2024. What the Defendant did not include in its motion for another adjournment is that there were weeks wasted because its counsel would not respond to Plaintiffs' repeated good faith efforts from November 15, 2024 to December 27, 2024 to provide this information. As such, any blame for Defendant not having information it claims that it needed is due to Defendant not having the courtesy to return Plaintiffs' many good faith communications.

The defense also claims that additional Plaintiffs who may be added to this lawsuit is another reason for an adjournment. However, it was explained to counsel for the Defendant that the already filed Plaintiffs do not want to wait longer and the Claimants will file a separate lawsuit if necessary. The fact that there are more Plaintiffs with claims against Defendant because it did not timely respond to repeated complaints that Jeffrey Epstein was sexually abusing children and young women also is not an excuse as to why the Defendant failed to properly prepare and file its motion to dismiss weeks and months ago.

Indeed, the government attorney inaccurately represents certain aspects of the discussion on December 27, 2024. For the sake of brevity, the government lawyer said she intended on filing a motion to dismiss, would not stipulate to amend the caption to add Claimants and suggested a motion to amend be filed because the Court does not accept letters. During the discussion, counsel for Plaintiffs indicated there are many other Claimants in waiting and requested that judicial resources be preserved by adding all the claimants to the lawsuit. In response, the government lawyer said "no", it was statutory, and that additional Complaints will just have to be filed when the statutory time allows. Despite Plaintiffs' good faith attempts to preserve judicial resources and efforts to resolve this matter reasonably and amicably, the Defendant continues to avoid, ignore and use delay tactics which are insulting to the victims. Instead, the Defendant's request for another month is a continuation of a long line of delay and

3

obfuscation that has drawn even the attention of Congress. Indeed, Senator Blackburn stated "lets get answers from the FBI" and it's time to "right the wrong" and the FBI has not responded to Senator Blackburn and it's been "crickets."

Only at the end of the Defendant's motion for an extension does defense counsel acknowledge that she has a "voluminous docket" with other briefs due in the beginning of January, which begs the question as to why this Defendant asked for the initial adjournment until the exact time period. Respectfully, having a busy schedule as an attorney is not a justifiable excuse for the repeated requests for extensions. There are many, many other attorneys who are employed at the United States Attorneys Office and if being "busy" is grounds for an adjournment, then every attorney will get an adjournment whenever they are busy.

In good faith, Plaintiffs agreed to Defendant's prior request for additional time, but enough is enough. The SF-95 notices of claim were first served in this case on May 24, 2023. The initial twelve claims were denied by Defendant on April 24, 2024. The Complaint was filed on September 25, 2024, and the Amended Complaint on October 18, 2024, and therefore the responsive pleading was due on November 25, 2025. On November 15, 2024, the government attorney for the Defendant requested an extension to January 6, 2025, because she had "eighty cases" assigned to her. In good faith, Plaintiffs consented to this request. The Defendant argues that "granting the requested extension will service [sic] the interest of justice and afford Defendant's counsel with additional time to review the allegations in Plaintiffs' amended complaint, determine what jurisdictional issues arise regarding Plaintiffs' claim, as well as allow time for internal review." However, the SF-95 notices of claim were served on May 24, 2023. It is now January 2025 and there has been more than enough time to investigate the claims.

Simultaneously around the time the Defendant requested its first extension, Plaintiffs made a reasonable settlement demand to the government attorney which was supposed to be conveyed to the FBI. In response, counsel for the Defendant requested the names of the Plaintiff Jane Does. Thereafter between November and December, Plaintiffs' counsel called and emailed in follow up, however the Defendant ignored all messages and attempts to communicate. Plaintiffs are unaware as to whether the settlement demand was in fact conveyed and discussed with the FBI.

Plaintiffs have made every effort since 2023 to try to resolve this case in good faith and have been repeatedly ignored in response.  One would hope that the Defendant has the information it needs and it is unknown why the Defendant will not even engage Plaintiffs to try to resolve this case like it did for the Larry Nassar victims.  For some reason, the Defendant has made the decision to delay and turn a blind eye to these victims and this motion for another month is further evidence of that.  No good faith basis for Defendant's adjournment has been provided because there is no good faith basis.  This Court should respectfully heed Senator Blackburn's words that "it's time to right the wrong."

Further, the Defendant only made this request on January 2, 2025 when the motion is due January 6, 2025.  That, at minimum implicitly does not comply with this Court's rules permitting twenty days for an opposition (and reply).  The pattern here has been consistent throughout – Plaintiffs have been extremely diligent and compliant with this Court's requirements while the Defendant has shown a complete disregard for this Court's rules.  Plaintiffs' repeated good faith efforts which were completely ignored without the courtesy of a return call or email until we reached out to this Court.  The Defendant has exhibited a pattern of negligence, denial, and avoidance to the victims of Jeffrey Epstein and now to their lawyers. The FBI's repeated and

continued failures, delays, and inaction allowed Epstein and others to continue their sex trafficking conspiracy for almost 25 years. Now, two years after the FBI was served with the statutory SF-95s for each claimant, the FBI is again delaying, denying, and negligently avoiding its accountability. To the extent that this Court is considering granting the Defendant's request, Plaintiffs request a conference because the merits here weigh entirely in favor of denying Defendant's late and bad faith request.

Plaintiffs oppose this application and respectfully request that this further extension for time by the Government be denied in its entirety.

Date: January 3, 2025

By: _____

**Jennifer Plotkin, Esq.**
Jordan Merson, Esq.
*Attorneys for Plaintiffs*
950 Third Avenue, 18th Floor.
New York, New York 10022
Telephone: (212) 603-9100
Facsimile: (347) 441-4171
Email: jmerson@mersonlaw.com
Email: jplotkin@mersonlaw.com