**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JANE DOE 1, JANE DOE 2, JANE DOE 3, LAURA NEWMAN, JANE DOE 4, JANE DOE 5, JANE DOE 6, SANDRA WARD, JANE DOE 7, JANE DOE 8, JANE DOE 9, JANE DOE 10, JANE DOE 11, JANE DOE 12, JANE DOE 13, JANE DOE 14, JANE DOE 15, JANE DOE 16, and JANE DOE 17 *Plaintiffs*, <br><br> v. <br><br> UNITED STATES OF AMERICA <br><br> *Defendant*. | 1:24-cv-02743 |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a),Plaintiffs, Jane Doe 1, Jane Doe 2, Jane Doe 3, Laura Newman, Jane Doe 4, Jane Doe 5, Jane Doe 6, Sandra Ward, Jane Doe 7, Jane Doe 8, Jane Doe 9, Jane Doe 10, Jane Doe 11, Jane Doe 12, Jane Doe 13, Jane Doe 14, Jane Doe 15, Jane Doe 16 and Jane Doe 17 through their counsel move to amend the Complaint to include additional plaintiffs, Jane Doe 18, Jane Doe 19, Jane Doe 20, Jane Doe 21, Jane Doe 22, Jane Doe 23, Jane Doe 24, Jane Doe 25 and Jane Doe 26. Pursuant to Local Rule 7(m), counsel for the Plaintiffs has conferred with counsel for the Defendant and the Defendant has no position to the amendment of the Complaint to add additional Plaintiffs and no position in the Plaintiffs proceeding anonymously.  The names of each Jane Doe have already been provided to the Defendant and the Defendant has received individual SF-95s for each Jane Doe with their names, addresses, contact information, allegations, years and locations of the abuse.

1

The Complaint was filed on September 25, 2024, and an Amended Complaint was filed on October 18, 2024 to add additional Plaintiffs who had to wait the statutory six (6) months to join the lawsuit pursuant to the Federal Tort Claims Act.

Briefly, the allegations in this case stem from the Federal Bureau of Investigation's ("FBI") negligence and failure to follow its own procedures and protocols to stop and prevent sex abuse and trafficking of the Plaintiffs by Jeffrey Epstein and others. The FBI had a non-discretionary obligation to handle and investigate tips concerning the underage child erotica, rape, sex with minors and human sex trafficking in a reasonable manner and to act against Epstein and to prevent him from committing repeated crimes that lasted for almost 25 years.  The FBI breached its duty owed and as a result of the FBI's negligence Plaintiffs continued to be sex trafficked, abused, raped and threatened.

Under Federal Rule of Civil Procedure 15(a), an Amended Complaint may be further amended "only with the opposing party's written consent or the court's leave and the court should freely give leave when justice so requires." Fed. R. Civ. P 15(a)(2). Here, the Defendant has expressed no position about adding the additional Plaintiffs to the Second Amended Complaint.

Motions to amend the Complaint are liberally granted by this Court.  *See Adams v. Quattlebaum,* 219 F.R.D 195, 197 (D.D.C. 2004) ("[C]ourt[s] must . . . heed Rule 15's mandate that leave is to be 'freely given when justice so requires.'"). The D.C. Circuit has adopted a liberal approach to the amendment of pleadings to ensure that claims will be decided on the merits rather than on technicalities. *Belizan v. Hershon*, 434 F.3d 579, 582 (D.C. Cir. 2006). Leave should be denied only upon a showing of "undue delay, bad faith or dilatory motive on

the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.   *Foman v. Davis,* 371 U.S. 178, 182 (1962); see also *Belizan,* 434 F.3d at 582; *Richardson v. United States*, 193 F.3d 545, 548-49 (D.C. Cir. 1999). Moreover, prejudice to the party opposing the amendment must be substantial in that the amendment must cause a serious impairment of the non-movant's ability to present its case. *Cf. Djourabchi v. Self,* 240 F.R.D. 5, 13-14 (D.D.C. 2006). Pertinent considerations in analyzing whether "undue prejudice" exists include: whether the proposed amendment (1) "substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation;" (2) requires the defendant to expend significant additional resources to conduct discovery and prepare for trial; and (3) will significantly delay the resolution of the dispute. See *Djourabchi,* 240 F.R.D. at 13.

Recently, Judge Walton granted a motion to amend a complaint "[i]n light of the defendant's concession of the motion and the lack of any evidence of 'undue delay, bad faith[,] or [a] dilatory motive[,]'... the Court concludes that 'justice [ ] requires" granting the plaintiff leave to amend her Complaint.' *Hayes v. Buttigieg,* No. CV 20-2523 (RBW), 2021 WL 6619326 (D.D.C. May 3, 2021) quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996).

Here, the Plaintiffs being added to Second Amended Complaint were statutorily required to wait six (6) months after service of the Standard Form 95.  Therefore, given the statutory mandates, there has been neither undue prejudice nor delay as the Defendant has been on notice of the claims during the administrative period.  Further, the addition of the Plaintiffs does not substantially change the theory and does not require the Defendant to engage in significant new preparation or to expend additional resources.  The Defendant was given the identifies, location

3

and years of the abuse in the Standard Form 95 and takes no position to the amendment.  Pursuant

to D.C. Local Rules of Civil Procedure 15.1, the redlined Proposed Second Amended Complaint

is attached as Exhibit "1" and the Proposed Second Amended Complaint is attached as Exhibit

"2" along with the Proposed Order as Exhibit "3."

    It is respectfully requested that this Court grant the instant motion.

Date: January 27, 2025

By: _____

**Jennifer Plotkin, Esq.**
Jordan Merson, Esq.
*Attorneys for Plaintiffs*
950 Third Avenue, 18th Floor.
New York, New York 10022
Telephone: (212) 603-9100
Facsimile: (347) 441-4171
Email: jmerson@mersonlaw.com
Email:jplotkin@mersonlaw.com
